IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN K. CHISOLM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-5025-M-BN |
| | § | |
| DESOTO POLICE DEPARTMENT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation on Defendants' joint Motion for Summary Judgment [Dkt. No. 13]. Defendants' Motion for Summary Judgment [Dkt. No. 13] should be granted, judgment should be entered in Defendants' favor on all of Plaintiff's claims, and Plaintiff's motion to certify an interlocutory appeal of the Court's order denying his motion to amend [Dkt. No. 28] should be denied.

**Background**

Bryan K. Chisolm, a Texas prisoner proceeding *pro se*, brings this civil rights action in which he alleges wrongdoing by the DeSoto Police Department, the City of DeSoto, and three officers involved in his September 9, 2009 arrest for interference with public duties and his September 11, 2009 arrest for tampering with physical

evidence. On September 9, 2009, Plaintiff was brought to the DeSoto Police Department headquarters and questioned by officers in connection with the murder of David Perkins. *See* Dkt. No. 1 at 10-11; Dkt. No. 15-1 at 12. He denied making and receiving phone calls from a person of interest in the case, which caused Detective W. Tillman and Lieutenant M. Sharp to seek and obtain an arrest warrant for the offense of interference with public duties. *See* Dkt. No. 15-4 at 3-4. Officer B. Evans then placed an audio recording device under the bench of Plaintiff's cell at the DeSoto Jail for the purpose of gathering evidence against him. *See* Dkt. No. 1 at 15; Dkt. No. 15-3 at 4. On September 11, 2009, Plaintiff allegedly destroyed the recording device by flushing it down the toilet. *See id.* The officers sought and obtained an arrest warrant for tampering with physical evidence. *See id.* According to Plaintiff, the grand jury declined to indict him for tampering with physical evidence, and the state court dismissed the charges of interference with public duties. *See* Dkt. No. 1 at 10. Plaintiff was subsequently convicted of first degree murder and sentenced to six years imprisonment. *See Chisolm v. Stephens*, No. 3:12-cv-4293-G-BK, Dkt. No. 10-1 at 46-52.

After a number of unsuccessful attempts to submit a Texas lawsuit for malicious prosecution and slander, *see* Dkt. No. 23 at 13-37, Plaintiff filed this case in state court on June 20, 2012, alleging that he was maliciously prosecuted for interference with public duties and tampering with physical evidence and that unnamed DeSoto police officers slandered him by telling his employer and the assistant manager of his apartment complex that he is a murderer, *see* Dkt. No. 1 at 9-19. In response to

Defendants' invocation of immunity from tort claims under Texas law, Plaintiff sought leave to amend in order to charge violations of his civil rights under 42 U.S.C. § 1983. *See id.* at 84-87. Defendants removed the case to federal court on December 7, 2012. *See* Dkt. No. 1.

All defendants now jointly move for summary judgment. *See* Dkt. No. 13. They allege that all claims are untimely, Plaintiff's allegations of malicious prosecution and slander are not viable under Section 1983, he has failed to establish municipal liability against DeSoto, and that all state law claims are barred by immunity. *See* Dkt. Nos. 13 & 14. Plaintiff has filed a response to Defendants' motion, *see* Dkt. No. 21, Defendants have submitted a reply, *see* Dkt. No. 24, and this motion is ripe for determination.

On June 7, 2013, the undersigned entered an order denying Plaintiff's third motion for leave to amend his complaint. *See* Dkt. No. 27. Plaintiff has filed a motion seeking an order pursuant to 28 U.S.C. § 1292(b) certifying the Court's order denying his motion to amend for interlocutory appeal. *See* Dkt. No. 28.

The undersigned now concludes that Defendants' motion for summary judgment [Dkt. No. 13] should be granted and that Defendant's motion for certification pursuant to 28 U.S.C. § 1292(b) [Dkt. No. 28] should be denied.

**Legal standards**

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its

resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden,

*Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194

-5-

(5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

Section 1983 Claims for Malicious Prosecution and Slander

It is not clear whether Plaintiff alleges that malicious prosecution and slander constitute a violation of his constitutional rights that may be remedied under 42 U.S.C. § 1983. To the extent that he wishes to assert such a claim, it is foreclosed by binding precedent from the United States Court of Appeals for the Fifth Circuit. That is, under *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003), there exists no freestanding cause of action under Section 1983 for malicious prosecution. *See, e.g., Craig v. Dallas Area Rapid Transit Auth.*, No. 3:10-cv-323-BK, 2011 WL 903598, at *4 (N.D. Tex. Mar. 16, 2011) (citing cases); *see also Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009). Similarly, defamation, libel, and slander are matters of state law that cannot alone form the basis of a federal civil rights action. *See Thomas v. Kippermann*, 846 F.2d 1009, 1010 (5th Cir. 1988). A plaintiff must also show that officials violated specific

constitutional rights in order to establish liability under Section 1983. *See Castellano*, 352 F.3d at 953.

<u>Section 1983 Claim for Arrest Without Probable Cause</u>

Plaintiff claims that his arrests for tampering with physical evidence and interference with public duties constitute a violation of his Fourth Amendment rights because neither arrest was supported by probable cause. *See* Dkt. No. 1 at 9-16. He alleges that any interference that he committed entirely consisted of his refusal to answer the officers' questions and that the placement of a tape recorder in his prison cell was done without probable cause or a warrant. *See id.* at 14-15.

However, even if, as Plaintiff alleges, the officers lacked probable cause to arrest Plaintiff for these offenses, they did so pursuant to valid warrants signed by two independent judges. *See* Dkt. Nos. 15-3 at 1-4; Dkt. No. 15-4 at 1-4. "'It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'" *Deville*, 567 F.3d at 170 (quoting *Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994)). This principle also holds true for a claim of false imprisonment. *See Muhammad v. Newell*, No. 3:08-cv-1426-BD, 2009 WL 2482142, at *2 (N.D. Tex. Aug. 12, 2009).

In order to establish a constitutional violation, a plaintiff must prove that the defendant knowingly or recklessly provided false information to secure the arrest warrant. *See Freeman v. County of Bexar,* 210 F.3d 550, 553 (5th Cir. 2000) (citing *Franks v. Delaware,* 438 U.S. 154, 171 (1978)). Plaintiff offers no argument, much less

evidence, that any of the defendants made false statements to the judges who issued the warrants on September 9, 2009 and September 11, 2009. *See, e.g.*, *Muhammad*, 2009 WL 2482142, at *2-*3 (citing *Gonzalez v. Lopez*, No. 3:07-cv-593-M, 2008 WL 323150, at *7-*11 (N.D. Tex. Jan. 23, 2008), *rec. adopted in relevant part,* 2008 WL 323147 (N.D. Tex. Feb. 6, 2008); *Morgan v. City of Waco,* No. 3:01-cv-2818-K, 2003 WL 21640563, at *2-*4 (N.D. Tex. July 9, 2003), *as amended,* 2003 WL 21653869 (N.D. Tex. July 31, 2003)). Therefore, his Fourth Amendment claims must fail.

Municipal Liability

Plaintiff has named as defendants the DeSoto Police Department and the City of DeSoto and claims that the failure to properly train the DeSoto officers resulted in his unconstitutional arrest. *See* Dkt. No. 22 at 22-23. Initially, it is well-settled that a municipal police department – such as the DeSoto Police Department – is not a jural entity. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes,* No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (finding that Texas county sheriffs and police departments are generally not legal entities capable of being sued).

Insofar as Plaintiff contends that the City of DeSoto is liable for the wrongdoing of its officers, his allegations fail to state a claim for relief. "It is well-established that a city is not liable under § 1983 on the theory of respondeat superior." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009). To establish municipal liability under 42 U.S.C. § 1983, plaintiff must prove three elements: "(1) a policymaker; (2) an

official policy; and (3) violation of constitutional rights whose moving force is the policy or custom." *Hampton Co. Nat'l Surety, LLC v. Tunica Cnty.,* 543 F.3d 221, 227 (5th Cir. 2008) (quoting *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)); *see also Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 694 (1978). Plaintiff here has established none of these elements. He has not named a policymaker or identified any policy that resulted in his arrest, nor has he established any violation of his constitutional rights..

Plaintiff alleges that municipal liability is proper under the "single incident exception" due to the City of DeSoto's failure to properly train the officers to avoid surreptitiously taping prisoners. *See* Dkt. No. 22 at 22-23. In certain extreme circumstances, a single act by a municipal employee may form the basis of municipal liability apart from a pattern of unconstitutional activity. *See Bd. of Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 410 (1997); *see also Bryan v. Brown Cnty., Okla.,* 219 F.3d 450, 459 (5th Cir. 2000). To rely on this exception, a plaintiff must prove that the "highly predictable" consequence of a failure to train would result in the specific injury suffered and that the failure to train represented the "moving force" behind the constitutional violation. *Bryan,* 219 F.3d at 461. But Plaintiff has failed to establish that this "extremely narrow" exception applies in this case. The Fourth Amendment does not confer a reasonable expectation of privacy in an inmate's prison cell. *See Hudson v. Palmer,* 468 U.S. 517, 525-26 (1984). Because Plaintiff had no reasonable expectation of privacy in his cell, the placement of a recording device in the cell did not violate his constitutional rights, and the "single incident exception" does not apply.

Accordingly, Plaintiff's Section 1983 claims against the City of DeSoto should be dismissed.

State Law Claims for Malicious Prosecution and Slander

To the extent that Plaintiff still wishes to prosecute his state tort claims of malicious prosecution and slander, they are barred by immunity. Under Texas law, the filing of a tort claim against a governmental unit, such as the City of DeSoto, constitutes an irrevocable election by the plaintiff and bars suit and recovery by the plaintiff against any individual employee of that entity. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a) & (e); *see also Craig v. Dallas Area Rapid Transit Auth.*, 504 F. App'x 328, 333-34 (5th Cir. 2012) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008)). Because Plaintiff sued both the City of DeSoto and its employees, the officers are entitled to dismissal from the suit. *See id.*

Municipal governments are immune from tort suits except to the extent immunity has been waived by the Texas Tort Claims Act ("TTCA"). *See Muhammad*, 2009 WL 2482142, at *3 (citing *City of Hempstead v. Kmiec,* 902 S.W.2d 118, 122 (Tex. App. – Houston [1st Dist.] 1995, no writ)). Although the TTCA waives immunity in certain limited circumstances, *see* TEX. CIV. PRAC. & REM. CODE § 101.021, the waiver does not extend to claims "arising out of assault, battery, false imprisonment, or any other intentional tort," *id.* at § 101.057(2). Malicious prosecution and slander are intentional torts under Texas law. *See Craig*, 504 F. App'x at 334 (*citing Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 794 (Tex. 2006)) (malicious prosecution); *Rivera v. Texas State Bd. of Med. Exam'rs*, 431 F. App'x 356, 357 (5th Cir. 2011) (slander).

Plaintiff cannot prevail on these state law claims because the officers are entitled to dismissal under the TTCA and the City of DeSoto is entitled to sovereign immunity.

<u>Motion to Certify Interlocutory Appeal</u>

Plaintiff seeks an order pursuant to 28 U.S.C. § 1292(b) certifying the Court's June 7, 2013 order denying his motion to amend [Dkt. No. 27] for interlocutory appeal. *See* Dkt. No. 28. This motion to certify should be denied for several, independent reasons.

First, the undersigned's order denying Plaintiff's motion to amend is an nondispositive order that, even with a Section 1292(b) certification, is not directly appealable to the Court of Appeals. If Plaintiff wished to object to the undersigned's nondispositive ruling, he was required to appeal to the district judge in the first instance, not to the Court of Appeals. *See Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989). And, where Plaintiff fails to timely object to the undersigned's ruling, he "may not assign as error a defect in the order not timely objected to." FED. R. CIV. P. 72(a).

Second, whether Plaintiff's motion is taken at face value as a Section 1292(b) motion or is liberally construed as a timely objection to Judge Lynn, Plaintiff's request is meritless. Plaintiff's motion for Section 1292(b) certification is based entirely on his alleged compliance with specific requirements of the undersigned's order denying him leave to amend without prejudice. *See* Dkt. No. 28 at 10-11. But, to begin with, Plaintiff repeatedly failed to comply with at least one of the requirements that he delineates himself: filing copies of his proposed amended complaint. *Compare id.* at 10, *with* Dkt.

No. 26; *accord* Dkt. No. 27 at 2-3. And, as Defendants correctly observe, *see* Dkt. No. 31, Plaintiff's arguments regarding his compliance with well-settled rules for seeking leave to amend do not present or depend upon the sort of "controlling question of law as to which there is substantial ground for difference of opinion" for which certification for immediate appeal is appropriate. 28 U.S.C. § 1292(b). Neither, the undersigned respectfully submits, do Plaintiff's arguments in his motion to certify establish that the undersigned's June 7, 2013 order denying Plaintiff's motion for leave to amend is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).

Accordingly, Plaintiff's Motion to Certify June 7, 2013 Order for § 1292(b) Interlocutory Appeal [Dkt. No. 28] should be denied.

## Recommendation

The Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 13] and enter judgment in Defendants' favor on all of Plaintiff's claims. The Court should deny Plaintiff's motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [Dkt. No. 28].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE