IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN K. CHISOLM, <br> (TDCJ No. 1740218) <br> <br> Plaintiff, <br> <br> V. <br> <br> DESOTO POLICE DEP'T, ET AL., <br> <br> Defendants. | § § § § § § § § § § § | No. 3:12-cv-5025-M |

## ORDER REGARDING MOTION TO PROCEED
## IN FORMA PAUPERIS ON APPEAL

( )   The application for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 is GRANTED.

   ( )   The Plaintiff is assessed an initial partial appellate filing fee of $ 0.00. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of the Plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

   ( )   Thereafter, the Plaintiff shall pay $ 455.00, the balance of the appellate filing fee, in periodic installments as provided in 28 U.S.C. § 1915(b)(2). The Plaintiff is required to make payments of 20% of the preceding month's income credited to the Plaintiff's prison account until the plaintiff has paid the total filing fee of $455.00.  The agency having custody of the Plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the district court clerk.

   The clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the appellant is currently or subsequently confined.

( X )   The application for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 is DENIED for the following reasons:

   ( )   The Plaintiff is not a pauper.

   ( )   The Plaintiff has not complied with the requirements of 28 U.S.C. § 1915(a)(1) or (a)(2) or has failed to supply the consent and authorization forms required by the institution having custody of the Plaintiff, allowing collection of fees from the inmate trust fund account or institutional equivalent

   ( )   The Plaintiff is barred from proceeding *in forma pauperis* on appeal because of the "three strikes" rule of 28 U.S.C. § 1915(g).

( X )   Pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3) and for the reasons set forth in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated July 16, 2013, the Court certifies that the appeal is not taken in good faith.

IF PERMISSION TO APPEAL *IN FORMA PAUPERIS* IS DENIED BECAUSE THE COURT CERTIFIES THE APPEAL IS NOT TAKEN IN GOOD FAITH, COMPLETE THE SECTION BELOW.

( X )   Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), the Plaintiff may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below and if the Plaintiff moves to proceed IFP on appeal, the prison authorities will be directed to collect the fees as calculated in this order.

( X )   The Plaintiff is assessed an initial partial fee of $0.00. The agency having custody of the Plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

( X )   Thereafter, the Plaintiff shall pay $455.00, the balance of the filing fees, in periodic installments. The Plaintiff is required to make payments of 20% of the preceding month's income credited to the Plaintiff's prison account until the plaintiff has paid the total filing fee of $455.00. The agency having custody of the Plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the Plaintiff moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

SO ORDERED this 18th day of October, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

2